UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv138-FDW

| | |
|---|---|
| ANTHONY M. ASBURY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CARLTON JOYNER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Anthony M. Asbury's pro se petition for writ of habeas corpus, (Doc. No. 4), filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254.

### I.    BACKGROUND

According to his habeas petition, Petitioner pled guilty on August 25, 2014 in Mecklenburg County Superior Court to two counts of statutory rape/sex offense. (Pet. 1, Doc. No. 4.) He was given an active sentence of 162 to 202 months. (Pet., supra, at 1.)

Petitioner did not file a direct appeal, seek discretionary review, or pursue post-conviction relief in the state courts. Instead, he filed the instant habeas petition in the U.S. District Court for the Eastern District of North Carolina on March 5, 2015. That court transferred the petition here on March 26, 2015.

### II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it

1

plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioner concedes that none of the claims raised in his § 2254 habeas petition have been presented to the state courts. (Pet., Doc. No. 1.) He, therefore, has failed to fully exhaust his state remedies. This Court nevertheless may deny Petitioner's claims on the merits notwithstanding his failure to exhaust them. See 28 U.S.C. § 2254(b)(2).

Rule 4 permits the dismissal of petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false." Carson v. Burke, 178 F.3d 434, 436-37 (6th Cir. 1999). In each of his grounds for relief, which appear to challenge the jurisdiction of the Mecklenburg County Court, Petitioner makes arguments typical of those made by persons who identify themselves with the so-called "sovereign citizens" movement. For example, Petitioner contends that he is a private, sovereign, living man and not a "person" as defined by the federal and state constitutions; that North Carolina is a corporation owned by the British Crown; and that he was involuntarily and unknowingly brought into the underlying criminal action because his name was spelled in all capital letters on the court's docket.

Petitioner's claims lack an arguable basis in law or in fact. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases).

Petitioner has not asserted any grounds on which his convictions or sentences could be said to violate the Constitution or laws or treaties of the United States. Consequently, his § 2254 habeas petition will be dismissed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 4) is **DISMISSED**;

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 2, 2015

Frank D. Whitney
Chief United States District Judge